Council for appellate please proceed. Good morning may it please the court I'm a Lowell Sturgill from the Department of Justice representing the Appellants and I'd like to reserve three minutes for rebuttal if I may. Thank you counsel. The District Court should have dismissed this case under the Ferris Doctrine. Adjudicating plaintiff's claims would improperly require the court to second-guess the results of the case and to rebuttal the plaintiff's claims to the District Court. What was the result of that investigation? I'm having a hard time finding exactly what the findings were and what if any discipline was meted out as a result of that investigation. Maybe you can educate me on that. Your Honor no discipline was issued at all as a result of the investigation and the in the Senate separate investigation of this plaintiff's claims which was in response to General Hyten's nomination to be Vice Chairman of the Joint Chiefs of Staff. The Air Force Secretary Heather Wilson testified that as a result of the investigation he was falsely accused. Well let me let's go on let's expand on that because it seems to me that when you do the analysis under the Ferris Doctrine it seems to me we have to presume because it's a 12-B motion right? We have to presume that the Colonel Spletstoser if I'm pronouncing that correctly that she's that we have to presume the truth. Of what she's alleging and I have no antagonism towards the Ferris Doctrine and I think I completely understand why it's necessary so I'm going to start with that but that being said when you do the analysis and what we have left is the act that occurred off base after this conference in her room and we have you know I think the specifics are alleged. The fact that she was found to be untruthful in the military investigation and the fact that the Senate still went ahead and confirmed her well not unanimously they obviously went ahead and confirmed I mean confirmed the General. Does that preclude does that really even factor in to the Johnson analysis when we look at the fact that the military thought she was a liar okay? Doesn't she get a chance to go to if in fact when you go through things that occurred off base you know what was their relationship you know what are all of those type of things if we found that Ferris didn't cover that one act if she goes to civil court she loses but I don't believe those other things I'm trying to figure out how it seems to me you're trying to tell me hey the military thinks she's a liar the Senate thought she was a liar so because she's a liar the Ferris Doctrine applies. So your honor there are three elements to our Ferris argument the first is the one I've identified and just to draw back as you know that the this court in the Supreme Court has held the Ferris incident to surface analysis is governed by a totality of the circumstances test. It's very fact specific it's very fact specific and again three elements your honor first the the Supreme Court has held that Ferris one of the core purposes of Ferris is to prevent courts from inappropriately second-guessing military decisions. That's the Johnson case itself which I know you're familiar with was that's the Supreme Court's most recent Ferris decision in that case there were service members who were on a military mission and even though they did not allege any military negligence at all they allege negligence on the part of a civilian person air traffic controller the Supreme Court applied Ferris and when you look at why it did that it did that because it said the suit could have it could have second-guessed military decisions so I think that's an element in the analysis it's not the only element but it's it's a very important element the second element is from the Shearer and Stanley cases. Can we pause for a moment so we can get the clock I have 13 minutes 11 seconds what do you have Blanca okay all right it's a clock working may I continue yes please so second element is that those cases emphasize that to allow that kind of second-guessing would would adversely impair the military mission by requiring service members to testify in court and compel depositions trial testimony and here I think the extensive nature of the military's own investigation is relevant for that reason as well as our briefs explain the military. Are you telling me that there are no circumstances under which a sexual assault claim can be litigated in civil court if it's brought against a general or a member of the service what is is there a line to be drawn here someplace or is the opposition that under no circumstances can a sexual harassment case ever surface in a civil court proceeding if it's against the general or any officer? Your Honor that's not our argument at all again we've made the argument about the inappropriateness of second-guessing military judgments when you have this kind of investigation the military interviewed 63 witnesses in three countries. The investigation cancels out any right remedy somebody would have to go to civil court to have an adjudication of her rights just the fact that there's an investigation and that's the end of the game let me ask you this if this were to be a civil trial would even the results of that investigation be admissible in evidence? Your Honor I don't know the answer to that but again our argument is not that that's the end of the day and our third element I should say is that the plaintiff's own allegations confirmed that this incident which again General Hyten denies was incidental military service. Well how could sexual assault ever be incident to military service? My understanding is the reason he wasn't disciplined is because they didn't believe her they didn't believe it happened if they if the military had believed that what she's alleging had happened wouldn't they have disciplined her or would they say that it's okay for a general to go to if they believed her that he went to her room that that he sexually assaulted her would they they wouldn't discipline if they believed her? How could that ever be incident to military service? Your Honor the Ferris Doctrine does not focus on whether the alleged activity serves a military purpose in fact in cases like United States versus Shearer that was a murder case while a murder of one service member by another never serves the military mission the question is whether it arose out of sight. Excuse me I have to interrupt my apologies but the problem I'm having is that are you saying that a sexual assault is never incident to military service I don't understand your position when would sexual assault be incidentally service when not be incidental to military service can you give me some sort of dichotomy and draw a line here so I can understand this better? So absolutely Your Honor again as our briefs point out the key facts here as alleged by the plaintiff is that General Hyten and the plaintiff were on an official military trip to a military conference they were on temporary duty status she alleges that they she was invited to the event because of her military service she alleges that General Hyten was from a military superior and that he misused his military authority by coming So that means that he can sexually assault her is that your position? No not at all Your Honor and this is the importance of the military's investigation what the Ferris Doctrine is about is what is the appropriate vehicle for holding service members responsible for alleged conduct like this which again General Hyten denies and the Johnson case the Shearer case So if they had believed her counsel if they had believed her he would have been held accountable is what you're saying if they had believed her you're not saying sexual assault is incident to military service are there circumstances see I could see other things let's say for example I can't go into my law clerk's office and because she doesn't have her bench memo done I can't throw a book at her I can't scream at her I can't slap her down in her chair If let's say I could see there would be situations in the military where someone was making life and death situations that was dangerous that you could grab someone you could throw them down you could do any number of things and it wouldn't be for a court to second guess what they had to do in those circumstances but I'm having a hard time figuring out when sexual assault would ever be incident to military service It seems to me here they didn't believe her so tell me is there a time that sexual assault is incident to military service So let's take it like this can you answer that question is there a time that sexual assault is incident to military service No Okay Okay Okay Okay No obviously and I'm going to ask what she obviously has credibility issues I can see this I'm a former prosecutor I did sexual assault she doesn't report it she and even when he she doesn't report it when he makes leadership claims against her right she doesn't report it then it all comes about later right For your honor we're saying that the Johnson factors to which you refer do show that this case falls within the Ferris doctor for example that this incident she alleges happened in a hotel room while the hotel she herself alleges that Stratcom used hotel rooms while on temporary duty trips like this one for military meetings And she alleges that also occurred after hours and she alleges that General Hyten came to her room under the pretense of military purposes so basically hers according to her her supervisor went to a location where she was on she was Okay but the facts that we have to presume true is there any indication they discussed any work in the record on the facts that we have to presume true what do we have to presume true under 12b I don't believe she specifically alleges whether they actually discussed work or not but I don't think that matters again her allegation is the general came to her room and wanted to talk to her about work related purposes that along with the other allegations clearly shows that her the the argument her case is that he You're running out of time I have a question I want to ask you are you familiar with the case of Lutz versus Secretary of the Air Force I am your honor So in that case didn't didn't the Supreme Court say or didn't we say that not every action by one member of the armed services against another is incident to service didn't we say that in Lutz Absolutely and that's correct your honor and Alright so doesn't that mean then we have to determine whether or not the particular action being alleged is or is not incident to service Yes and this is incident to service for the same reasons that Lutz distinguished Stauber versus the United States the case At 12 o'clock midnight this is incident to military service Again your honor plaintiff herself alleges that STRATCOM engaged in work related activity in hotel rooms after hours of this conference But counsel the problem is you are blurring the background facts with the actual incident that's being that's being used as the basis for the action the discreet incident is the sexual assault And so instead of looking at whether there is a background backdrop of military we need to look at the actual incident that's being complained of and that's the sexual assault And so we said in Lutz that not every action that's taken is incident to military service maybe the travel there maybe the meeting there was incident to military service if something had happened in conjunction with that meeting we would have a different analysis but we're looking at the discreet act of sexual assault and I'm having a difficult time understanding how you can explain that discreet incident as being incident to military service. Well respectfully your honor I disagree with the premise of the argument as judge Kyle I'm not arguing I'm asking you a question I'm trying to give you an answer the answer is But you said the argument and I did not argue I asked you a question Oh I'm sorry my apologies for that The Johnson factors focus on the on questions like what was the location what was the duty status what was the what was the person on a military activity and judge Callahan yourself you decided the McConnell case that was a case where somebody was injured water skiing on a military recreational program and the fact that they were involved in a recreational program was sufficient to make it military service and if that's the case I can't imagine why attending a military conference wouldn't be I'm sorry I'm out of time Counsel Lutz did the same thing it went through the background but then it said they broke into her office after hours opened her private mail and disseminated it in an attempt to ruin her reputation these were the discreet actions that were being alleged it seems hardly possible I had my own timer on It seems hardly possible that this conduct arises out of or is incidental service so in the Lutz case it went directly to the actions that were being complained of Your Honor in the Stauber case this court applied the Ferris doctor to bar allegations that a service member followed another service member off base in his car honking and honking his horns and making to annoy the person and then went to his house and drove back in front of his house off base in order to to harass the person this court applied Ferris to those allegations. And for the same reasons and noted in particular that this flowed out of the fact that the in that case the unlike here the people who did the alleged torts were not even the superior of the person Well let's say though I could let me let's do a hypothetical let's say they were on deployment and right these two are in different branches of the military but let's say they were on deployment and the facts were such that the general was her supervisor and let's say that it occurred on a military base and there was maybe at the officers club Or something along those lines and something occurred in the bathroom at the officers club or something along those lines I can conceive of even though the acts could be what you're saying here that in weighing the Johnson factors I could weigh those factors differently and it wouldn't be saying that sexual assault is okay or is incident but that the investigation of those matters and the military's determination Of what actually happened would that it would be necessary to accept that but this these facts are different than that so I'm trying to you know it seems that the Ferris analysis is very fact specific and I see the fact somewhat different in Stauber and then then what you're stating so I'm guessing do you what claims by a service member against another service member Would not be barred by the Ferris doctrine. So if I could first try to make the point that I think the the hypothetical you provided is exactly this case according to plan itself. Well I don't think it is but I think but that's stronger to me and I would have an easier time understanding the application of the Ferris doctrines in here but it's not I think they're not exactly the same because once during an appointment deployment once a direct supervisor it's it's occurring on the military base and and all that's different than they're in two branches of government I guess he's higher ranked. Then she is I don't know if he I don't know if you would characterize him as her direct supervisor but it occurs in her hotel room after hours not at the conference and the conference isn't they there were civilians at the conference they were invited to the conference because they were a part of I think STRATCOM or however you say that so they're not I gave some really pretty strong facts where I wouldn't have problem with the Ferris doctrine and it could be a sexual assault. Well let me try to answer it this way we certainly we would not argue that Ferris bars the case let's say if just two unrelated service members who never met each other before happened to meet up in a bar and there's a sexual assault. So in that case certainly Ferris would not apply this case I think is different I don't think it makes a difference that this was not a deployment because temporary duty status is essentially a form of deployment they've been deployed to this conference for official military business and again her own allegations which you have to accept for purposes of ruling on this motion is that this happened in a hotel room where she would not have been there except for her military status and the STRATCOM did hope did work in hotel rooms after hours at conferences like this one he was her military supervisor and the number for claim again is that he misused his authority in a context like this to engage in this activity so that is basically saying that sexual assault can be incident to military service is what you're saying. No your honor again the courts don't focus on the nature of a specific act that's murder is not incident to service yet the Supreme Court in Shear barred a case under Ferris in which one service member murdered another one and in all these sexual harassment cases cited in our brief in which the courts have time and again applied Ferris to bar sexual harassment sexual assault cases. Corey versus the United States is almost directly on point there a plaintiff alleged that she was sexually assaulted at a military party while she and the she and the assailant were on temporary duty deployment to Turkey and the court barred student and and one final case in Stubbs versus the United States the plaintiffs allege that a drill sergeant ordered her to a latrine ostensibly for work related purposes and then perpetrators of sexual assault. There in the court applied the Ferris Doctrine so you don't focus on the fact that there was negligent or intentional activity you focus on the Johnson factors where did it occur did it flow out of a military mission what was the status of the time and you have to take the plaintiff's allegations in this case which again general heightened denies but you have to take them as true and they established themselves that the Ferris Doctrine applies. I'm waiting on my time. We'll hear from the government but we will give you a minute for rebuttal. Thank you your honor. I mean we'll hear from I'm sorry we'll hear from the plaintiffs. We'll give you a minute for rebuttal. Good morning may it please the court Arielle Solomon for Catherine Spletzer the district court correctly held that the Ferris Doctrine does not preclude the court from exercising subject matter jurisdiction over her complaint, and the decision shouldn't be be affirmed when the Supreme Court created Ferris, it could have barred all suits against the military, but it did not. And it did not because some behavior some activity, irrespective of the actors that are involved, simply cannot be considered incident to military service. This case is an archetypal example of why Ferris was not meant to be a complete bar to suits against the military. Regrettably, my colleague has the distasteful job of convincing you to deny sexual assault victim access to a civil court. In this endeavor, the government cites to precedent that is too factually distinct to draw an inference to the present case. Well I guess do you agree that there could be some sexual assaults that could be barred by the Ferris Doctrine? Would you agree? I agree that as a factor that the court considers when doing a Ferris analysis, all sexual assault should be a factor that counsels against application of a Ferris bar. It is the type of activity that is too distinct from military activity to be considered something incident to military service. This is exactly what this court said in the Lutz case. And that's the circumstances that we have here. In Lutz, this court held that when actions are completely separate from on-the-job related activities, which is distinguishable from the Stauber case, the Stauber rationale does not apply. Like the court in Lutz, the district court here below could not fathom how a sexual assault in a private hotel room where civilians... But what if it were on a deployment? What if it weren't necessarily a person that was, you know, the facts were such that it was just a person of equal rank and something happened. And then the military did an investigation. And after the investigation, they discredited, they didn't believe that a sexual assault had occurred. Couldn't the Ferris doctrine bar filing a civil suit on that? No, it could not. And I think that a case most similar to the question that you've posed perhaps, at least in part, there was a couple of parts to that question, is an Eighth Circuit decision, the Stubbs case, which the government did cite in their brief, but they relied on extensively and brazenly at the district court below, involves someone being, a subordinate being ordered to a latrine to clean... But I didn't say a subordinate. I didn't say a subordinate. I said two equal people. Two equal people. So to the extent, and please correct me if I'm wrong, but if I'm understanding your question correctly, to the extent the question is, does the fact that General Hyten, that John Hyten is a four-star general, indicate that Ferris always should apply? Are councils in favor of a Ferris bar? I think the answer here is no, because... And there is... When they're on a deployment, they're in military facilities, and then there's an allegation of a sexual assault. And it's investigated, and the military makes, determines that the person that made the allegations was either not credible or did not meet the burden, and so they chose not to discipline either of them. Isn't it possible that the Ferris doctrine could bar that, even though the allegations are that of a sexual assault? Again, I think the answer is no to that. If the answer is no to that, then I don't really, then I don't like your rule. Okay, that's... It's... I think for me to accept your argument, it has to be very fact-specific, and it has to be very narrow. And if the government says that a sexual assault can never, you know, is always, regardless of the attendant facts, going to be covered by the Ferris doctrine, you heard there was some hostility towards that. And now if you're telling me a sexual assault allegation can never be subject to the Ferris doctrine, I'm giving you some pushback on that. I think that there are other factors. So again, I think that a sexual assault can always be a factor that counsels against application of the Ferris bar. It does not mean that there wouldn't be other factors involved, unfortunately, that would counsel in favor of application of the Ferris bar. So the case that I... Let me interrupt in that respect, all right? You will agree that the Johnson analysis is what we must engage in. I assume you agree with that, correct? Our position, our position below, was actually that the court needn't use Ferris, but Ferris is currently the prevailing law in the Ninth Circuit for state law claims. So if we're looking at the case law specifically in the circuit, the answer is that the Johnson factors is what the court should look at, with the caveat that the Johnson case did involve a negligence cause of action. Let me ask this follow-up question. So let's just... the Johnson factors are what we must engage in that analysis under Johnson. Do you think that the fact that there's a sexual assault in a more dominant way than the other factors, or what place would you say the act of a sexual assault should have in analysis of the Johnson? I apologize, Your Honor, it may be on my end, but the first part of the question broke up and I did not hear the whole question. I have some problems with the internet. The question is first, we agree that Johnson is what we must engage in in terms of making the Johnson analysis here. I think under Ninth Circuit, that's what we're obliged to do. Do we agree with that? That's my first question. Did you hear that? I did. Our position below was actually that the court could rely on the Westfall test for determining whether or not personal liability attaches, but to the extent we're using the Johnson factors, which is the prevailing case law in this circuit, then this is how we're analyzing the case for purposes of the circuit. My follow-up question is to what extent do we deal with sexual assault in the Johnson analysis? Should it be a more dominant factor? Should it be just one of the other factors? Does it have any special place to play in the Johnson analysis? I think that much as the way the Lutz court analyzed the Johnson factors, they didn't call them specifically the Johnson factors, but they, of course, hit on each and every Johnson factor, that the fact that the behavior at issue, the conduct at issue, is so separate and apart from anything that is remotely related to the military mission or the purpose of this conference or attending to any assignments is indicative that Ferris shouldn't apply under those circumstances, but other factors would have to be considered in order to be brought in to look at whether or not Ferris applies. Let me change the hypothetical. Let's say they're still at that location, they're at that conference. We know what their, it's not disputed what their ranks were and all of that, but let's say that the general came over late at night when she was getting ready for bed, which we have to presume that to be true under this, and he yelled at her about certain things that she said at the conference that he thought were ridiculous, and let's say that he made comments, I'm going to use a quote because I wouldn't usually, you know, your fat ass, quote unquote, was, you know, you were disrespecting the military, you were stupid, you were this, all of those things. Now, arguably, if I went to my law clerk's room late at night and said those things, I think they would have a pretty good start to a hostile work environment, but if that, if you change that, that it wasn't a sexual assault, that he's like screaming at her about how she behaved at the meeting and said derogatory things and made comments about her body and this, that, and the other, would that be Ferris Barred? I think unfortunately it would be Ferris Barred, not because it should be, but because under the Ferris analysis that you've now linked the injury, the harassment that's happening specifically to the military conduct and the conference. Here, that's not what happened, right? Okay, no, I understand that. I'm a little bit, you're asking for a really broad rule, and I'm a little bit happy that you understand that there are some limits, but that being said, I guess, do you think that there is a conflation going on that, obviously the military, I don't, I can't find out everything that was in the investigation, and I don't know that it's appropriate because we're on a 12B motion, that your client doesn't sound like she was believed for any number of factors, and either by, he got confirmed, so some people might have believed it, but not enough believed it in order to, they went ahead and they confirmed him in this new position. There was no discipline. I don't know if this would have been adultery under military standards or whatever, but he doesn't get, the general doesn't get disciplined for anything, so they don't believe your client, and as a former prosecutor, it seems to me that he accused her of leadership violations shortly after this incident, and it's going to come up in this trial that she doesn't ever mention this incident when he's accusing her of leadership violations. He wasn't really her direct supervisor, but, and apparently there are, and I think they sustained a complaint against your client over her leadership style because she screamed and yelled at people or wasn't a very pleasant person, right? Something along those lines. So, but I guess, does that really matter here? I think you'll have to deal with all of that if you get to go forward, and you might very well lose, and those are things that if I were on the other side, I would certainly bring up about your client, but I don't think it has any place in the Ferris analysis, so I think you might have a weak case because of her failure to report, and even when he accused her of things, didn't say anything, the timing, all of those things are going to come up, right, if you go forward. I agree with you that concerns about credibility should not factor into the Ferris analysis. It is true that in a sexual assault case, credibility is always put at issue just as in any sexual assault case. It will always have to be dealt with, but the fact that someone did not believe my client is not indicative that they should be immune from suit in their personal capacity, so it has no place for purposes of this court's Ferris analysis. Counsel, does the prior discipline? Go ahead, Judge Block. So we're in a motion to dismiss phase right now, and if we were to affirm the case we go forward, there will be depositions, and there will be an opportunity to bring a motion for summary judgment when the record is fully developed, and I guess you... I think Judge Block is frozen. He's frozen to us, too, so we'll unfreeze him. Judge Block, you're frozen to us. We have to unfreeze you. Oh, wow. Oh, you're back. Question, Judge Block. The question is that we're in a motion to dismiss stage, and we have to analyze the judges and doctors in that context. They no vote, but if we were to agree and affirm, then the case would go forward. There would obviously be depositions. There would be a full development of facts under oath, and at that particular time, either party can move, I guess, for summary judgment, and I imagine the Ferris doctrine can be raised again at that particular point. So I just think from a procedural point of view, there's nothing that we need to be concerned about in terms of this particular stage. Am I correct about that or not? I think that part of the court's analysis should be if litigation impacts military decision-making or some military function. But here, the facts of this case, even assuming there's discovery and the case gets fully developed, is not going to implicate the kind of military decision-making judgments that would normally be concerned with for purposes of a Ferris analysis. Why doesn't that apply to the investigations that were done in this case? That's military decision-making, isn't it? And the court does not have to reach that question here because in the first amended complaint, Catherine Splett-Saucer did not make any reference to the investigation. More specifically, she did not allege a claim for some type of negligent investigation or that the investigation was insufficiently done. However true that may be, it's not the subject of her claim that's against General Hyten. But in doing the analysis under Johnson, don't we look at whether or not there's an effect to the workings of the military? Isn't that part of the Ferris doctrine that we're not to interfere with the governance of the military? I think as a general matter, what you've just stated is correct, but the case particularly on point in this circuit is still the Lutz decision. So in the Lutz decision, we had, again, against the Air Force. We had an Air Force complaint. I know the facts of the Lutz case, but I'm asking you why. These cases are very fact-intensive, so I'm asking you under the facts of this case where there were two investigations that cleared the general, why doesn't that factor into our Ferris analysis? I don't know that it could be fair to say that the investigations cleared the general. Well, I would say that no discipline was imposed and he was nevertheless elevated to one of the highest positions in the land. So how do those investigations affect our analysis? I think the fact that he was pushed through the confirmation process and eventually did take that political seat does not indicate that the court's going to be looking into the investigation. The Lutz case, as you're aware, said that when there's no military decision, a decision to do nothing, in essence, the court is not infringing on a military decision when the decision is they're just not doing anything. But they did something here. They did something here, and I think you also, didn't you take the position we should reconsider Lutz, which I don't see how we can do that here. I think the circuit could reconsider Ferris specifically, not just the Lutz decision, but under the Westfall Act, Congress has specifically identified under what circumstances service members are going to be held personally liable to suit. And they've used a different test than the incident to service test. They've used a scope of employment test, which is, of course, different than the one that we're using here. So I think that that particular statute could beg a different analysis in this circuit. I don't think the circuit's been asked that question before, but under that particular statute, Congress has identified the test that should be used, and it's indeed a scope of employment test. Are there any other questions? Do you have anything else, counsel? No, I see that my time has elapsed. I'll just conclude briefly by saying that amid the universe demoralizing Ferris precedent and regretful circuit decisions, under the specific facts of this case, at this time, this circuit does not need to deny a sexual assault victim access to a civil court. So with that, I thank you, and I will rest on our briefs. All right, thank you. Let's put one minute on the clock for rebuttal. Thank you, Your Honor. Just to be clear, even though a plaintiff is no longer pursuing her original complaint claim, challenging the military's investigation, there's no question that for the court to adjudicate this case would require the court to second-guess the results of that investigation, which was extensive. And because it was so expensive, again, what she's asking for is a duplication of what the military has done in interviewing all these different witnesses and looking at all the different evidence. And there's no question this would substantially deter and distract military officials from their— Your position is that it's an investigation by the military that trumps anything? No, Your Honor. It's a totality of the circumstances test. That's one element. As I think the plaintiffs themselves have told you this morning, the other element is the plaintiff's own allegations show that this, if taken as true, that this was incident to service. This rose out of a military mission, alleged abuse of military authority. She was in this hotel room only because of her military service. Your Honor, my time has expired, and I'm happy to answer any questions, but I don't want to go over again. Are there any questions? It appears not. Thank you to both counsel for your helpful arguments in this challenging case. The case just argued is submitted for decision by the court. That completes our calendar for the morning. We are in recess until 9.30 a.m. tomorrow morning. Thank you. This court stands in recess until 9.30 tomorrow morning.
judges: RAWLINSON, CALLAHAN, Block